UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLENE STAFFORD,**
    Plaintiff,

                      Case No.2:20-cv-          -GC
                      Hon.:
                      Magistrate Judge:

-vs.-

**ATHLETICO LTD, d.b.a**
**ATHLETICO PHYSICAL THERAPY,**
    Defendant.
_____/

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com
_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

There is no other pending or resolved action within the jurisdiction of the civil division of the Federal District Court involving the parties who are the subject of the complaint.

              /s/JERARD M. SCANLAND
              **JERARD M. SCANLAND**
              **Attorney For Plaintiff**

**COMES NOW THE**, Plaintiff, **CHARLENE STAFFORD**, through her attorneys the law firm of MUSSIN & SCANLAND, PLLC and by her respective attorney Jerard M. Scanland and in support of Plaintiff's Complaint And Jury Demand, states the following:

## Jurisdiction and Parties

1. This is an action for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.;* and race discrimination due to African American decent and retaliation in violation of 42 USC § 1981, arising out of Plaintiff's employment relationship with the Defendant.

2. Plaintiff, **CHARLENE STAFFORD**, (hereafter "Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

3. Defendant, ATHLETICO LTD, d.b.a ATHLETICO PHYSICAL THERAPY, hereinafter Athletico is a Michigan corporation licensed to do business in the Eastern

District of Michigan and maintains a principal place of business in the Western District of Michigan.

4. Plaintiff making a charge of discrimination with the Michigan Department Of Civil Rights and not obtaining the relief sought, has filed the within lawsuit.

5. The Plaintiff timely files the above claims within (90) days of receipt of the EEOC issued Notice of Right To Sue Letter, which was mailed to her on or about September 22, 2020.

6. The events out of which this controversy arose occurred in the Eastern District of Michigan.

7. The amount in controversy exceeds $75,000.00.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1331 and § 1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367 if any exist.

## Background Facts

9. Plaintiff began her employment with the

Defendant on March 3, 2009 and ever since that period of time, her employment service to the Defendant has been exemplary.

10. The Plaintiff is a Caucasian female.

11. Athletico operates outpatient physical and occupational therapy clinics in twelve (12) states.

12. Athletico employs over four thousand five hundred (4,500) employees. In addition to physical and occupational therapy, Athletico also provides athletic training, work conditioning, specialty programs and fitness services to high schools, colleges, and professional sports teams.

13. On March 5th of 2018, the vice president of the corporation preceded to scream at Charlene Stafford in such an extreme manner, individuals in the gym, twenty-five feet from the office, where the door was closed, could hear.

14. The intense tirade continued for three minutes.

15. Following the incident described above, the

Plaintiff developed Post Traumatic Stress Disorder following an incident that occurred between her and the vice president of the corporation.

16. Prior to this incident Athletico did not have an anti-bullying policy place, however, after this incident one such policy was implemented.

17. Prior to Charlene Stafford employment with the Athletico, Athletico's revenue had decreased.

18. Charlene Stafford, began treating male and female pelvic health patients rather than just female, which increased the volume of patients leading to increased revenue.

19. Charlene Stafford, had surgery to correct a parathyroid matter. At this time, Charlene Stafford did not request leave from Athletico.

20. Charlene Stafford did not request leave pursuant to the Family Medical Leave Act for the surgery from her employer because she was advised she did not need to request leave.

21. Ms. Stafford did, however, and/or been approved for Family and Medical Leave ("FMLA") going back at least to 2018.

22. On October 21, 2019, Athletico received a Certification of Health Care Provider Form dated October 8, 2019, reflecting Charlene Stafford's need to be off work.

23. The form also reflected Ms. Stafford's psychiatric anxiety symptoms, which made it difficult for her to work with patients, an essential function of Complainant's job.

24. In August of 2019, a meeting between RC Edwards regional manager and Charlene Stafford of the Brighton clinic. At this meeting Charlene Stafford was advised, 'you should be more afraid of what is going to happen in the Brighton clinic if you stay in the Brighton clinic.'

25. The above statement caused Charlene Stafford's anxiety/PTSD symptoms to increase.

26. An email was sent in September, which again threatened Charlene Stafford's employment.

27. On November 12, 2019, Charlene Stafford's primary care physician sent a facsimile to Athletico reflecting Charlene Stafford could return to work with restrictions between November 25, 2019 and January 27, 2020 provided she was limited to a work week of thirty (30) to thirty-two (32) hours.

28. Following the November 12 submission, a follow-up submission was made on December 12, 2019, Charlene Stafford's physician, Dr. K.C. Joseph, a specialist in psychiatry, who submitted a Medical Certification Form reflecting Charlene Stafford would be incapacitated for the period of September 27, 2019 thru January 5, 2020.

29. Dr. Joseph also completed a Medical Certification for Workplace Accommodation Request Form.

30. Charlene Stafford made requests for mediation and a one-on-one with the regional manager. She also made a request for a silent companion.

31. The requests made by Charlene Stafford were either ignored or denied.

32. Charlene Stafford's employment was terminated on February 4, 2020.

## COUNT-I
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 above as if set forth in full herein.

34. At all times material hereto, Plaintiff was an employee and Defendant her employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a)

35. The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

36. Charlene Stafford is a 'qualified individual under the ADA, as she suffered from a generalized anxiety disorder and PTSD.

37. The term "disability" means "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

38. As a result of Plaintiff's disability she is not able to sleep, is unable to concentrate, and is not eating appropriately.

39. The scope of the ADA's definition of disability is intended to be expansive: the ADA Amendments Act of 2008 added rules of construction that the definition of disability should "be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A); see also 29 C.F.R. § 1630.1(c)(4).

40. The Plaintiff made the Defendant aware of her disability.

41. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to harass, demote, increase Plaintiff's responsibilities, and then terminate her employment.

42. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

43. The actions of Defendant was intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

44. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

45. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

**WHEREFORE**, Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount she is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-II
## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff, **CHARLENE STAFFORD**, demands judgment against Defendant as follows:

### LEGAL RELIEF

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary and punitive damages in whatever amount she is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and,

4. An award of interest, costs and reasonable attorney fees.

### EQUITABLE RELIEF

1. An order out of this Court reinstating Plaintiff to the position she would have held had there been no wrongdoing by Defendant;

2. An injunction out of this Court prohibiting any further acts of discrimination or retaliation;

3. An award of interest, costs and reasonable attorney fees; and,

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: December 21, 2020          Respectfully Submitted,

MUSSIN & SCANLAND, PLLC

BY: JERARD M. SCANLAND (P74992)
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLENE STAFFORD,**
    Plaintiff,

                            Case No.2:20-cv-          -GC
                            Hon.:
                            Magistrate Judge:

-vs.-

**ATHLETICO LTD, d.b.a**
**ATHLETICO PHYSICAL THERAPY,**
    Defendant.
_____/

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com
_____/

<u>**JURY BY TRIAL**</u>

    **COMES NOW THE, Plaintiff, CHARLENE STAFFORD,** through her attorneys the law firm of MUSSIN & SCANLAND, PLLC and by attorney Jerard M. Scanland and

hereby makes this her demand for a Trial By Jury.

Dated: December 21, 2020   Respectfully Submitted,

                              **MUSSIN & SCANLAND, PLLC**

**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com